André E. Jardini (State Bar No. 71335)
aej@kpclegal.com
KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone: (818) 547-5000
Facsimile: (818) 547-5329

Joseph S. Farzam (State Bar No. 210817)
farzam@lawyer.com
JOSEPH FARZAM LAW FIRM
1875 Century Park East, Suite 1345
Los Angeles, CA 90067
Telephone: (310) 226-6890
Facsimile: (310) 226-6891

Attorneys for Plaintiff
BALTAZAR A. RAFALES,
individually and on behalf of all other similarly
situated seafarers and as private attorney general

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALTAZAR A. RAFALES, individually and on behalf of all other similarly situated seafarers and as private attorney general,<br><br>Plaintiff,<br><br>v.<br><br>M/S EURODAM, et al.,<br><br>Defendants. | NO. CV 10-4845 AHM (AJWx)<br><br>Date: October 31, 2011<br>Time: 10:00 a.m.<br>Ctrm: 14<br><br>Judge: The Hon. A. Howard Matz<br><br>IN ADMIRALTY<br><br>PLAINTIFF'S SUPPLEMENTAL STATEMENT IN SUPPORT OF MOTION FOR ATTORNEYS' FEES<br><br>[Declarations of André E. Jardini and Joseph Farzam filed concurrently herewith] |

KNAPP,
PETERSEN
& CLARKE

-1-

1349013.1  08000/00918

# I.

## INTRODUCTION

The settlement before this Court provides for a guaranteed payout of $2 Million, the entirety of the settlement fund created.  All previous objections to this settlement have been resolved and withdrawn as a result of enhancements to the settlement, negotiated following the hearing on final approval on September 1, 2011.  There are no objections to this settlement or to the attorneys' fees or enhancement awards requested.

The parties filed a joint status report concerning settlement improvements on September 19, 2011, (Dkt. 135) describing the enhancements to the settlement and attaching the Amendment to the Amended Settlement Agreement and Release of Claims.  The parties negotiated significant improvements to the settlement, which combine to require that HAL pay the full $2 Million settlement amount.  By way of illustration, assuming 850 claimants, the negotiated enhancements will result in doubling the minimum payment from $873.53 to $1,747.06.  Clearly, Class Counsel has conferred a significant benefit upon the class.

# II.

## ATTORNEYS' FEES SHOULD BE AWARDED CONSISTENT WITH THE 25% BENCHMARK ESTABLISHED BY THE 9TH CIRCUIT

The requested payment of $500,000 for both attorneys' fees and out-of-pocket expenditures is consistent with the 25% "benchmark" established by the Ninth Circuit as it amounts to exactly 25% of the settlement fund.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir.1998).  The 25% fee award is further supported by the extraordinary result achieved in a case that carried substantial risks; and the fact that class counsel zealously prosecuted this case on a contingent-fee basis, logging 1,668.4 attorney hours with no guarantee of recovery.  (Declaration of André E. Jardini, ¶ 7.)  In addition, a lodestar cross-check confirms the reasonableness of the requested fee award, as the lodestar calculation totaling **$837,845** exceeds the fee

KNAPP,
PETERSEN
& CLARKE

1349013.1  08000/00918

award requested.

**A.** **Fees Are Appropriately Calculated Based Upon The Gross Settlement Fund Created**

*Hanlon* establishes that the attorneys' fees are to be awarded based upon the gross value of the settlement fund created. *Hanlon, supra,* 150 F.3d at 1029.

> In "common-fund" cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method. [Citation.] The percentage method means that the court simply awards the attorneys **a percentage of the fund** sufficient to provide class counsel with a reasonable fee. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.1989). This circuit has established 25% of the common fund as a benchmark award for attorney fees. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.1990).

(Emphasis added.)

Further, *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000), expressly supports use of the percentage of the gross method in awarding attorneys' fees.

> We note that the choice of whether to base an attorneys' fee award on either net or gross recovery should not make a difference so long as the end result is reasonable. Our case law teaches that the reasonableness of attorneys' fees is not measured by the choice of the denominator. See, e.g., Washington Public Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1294 n. 2 (9th Cir.1994.) ("Because a reasonable fee award is the hallmark of common fund cases, and because arbitrary, and thus unreasonable, fee awards are to be avoided, neither [the lodestar nor the percentage] method should be applied in a formulaic or mechanical fashion."). If twenty-five percent of gross is reasonable, perhaps thirty-five percent of net would be reasonable.

-3-

KNAPP, PETERSEN & CLARKE

1349013.1  08000/00918

The *Powers* court concluded by determining that "the district court may calculate the fee award using the gross settlement amount." *Id.*

In this case, the gross value of the settlement fund is equivalent to the net value to be realized by the class.

The Ninth Circuit has articulated a series of factors that district courts may use to determine whether to depart upward or downward from the 25% benchmark fee. Among these factors are (1) the risk of litigation; (2) the financial burden of contingent representation carried by counsel; (3) the result achieved; and (4) customary fees for similar cases. See *Vizcaino v. Microsoft Corp.*, 290 F. 3d 1043, 1048-50 (9th Cir.2002). Courts have also looked to additional factors, including the "effort expended by counsel." *Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1116 (C.D. Cal. 2008). The Ninth Circuit has stated that courts should not use these factors as a rigid checklist to weigh individually, but rather, should evaluate the totality of the circumstances. *Vizcaino*, 290 F.3d at 1048-50.

Here, the fee portion of the award sought is exactly 25% of the total settlement. As set forth at length in Class Counsel's moving papers, Class Counsel submits that all of the pertinent discretionary factors strongly support awarding the full fee requested.

**B.     The Lodestar Cross-Check Confirms The Requested Fee is Reasonable**

This Court's September 12, 2011, Order requires that Class Counsel separately account for time spent on various tasks. Class Counsel has complied with this request, separately producing time records and declarations describing time spent on individual task categories by timekeeper, including: attending court hearings, drafting pleadings, factual investigation, legal research, drafting or opposing motions, drafting correspondence/conferences, document review, settlement and strategy. (Declaration of André E. Jardini, Declaration of Joseph S. Farzam.)

As evidenced by the declarations of Class Counsel and the accompanying time records, time spent on this case totals 1,668.4 for a total loadstar figure of $837,845.

-4-

KNAPP,
PETERSEN
& CLARKE

1349013.1  08000/00918

The Ninth Circuit approves, but does not require, that the Court consider a lodestar cross-check against the reasonableness of the proposed fee. *Vizcaino*, 290 F.3d at 1050. Courts commonly award attorneys a multiplier of their lodestar, rewarding them "for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Id.* at 1051. In *Vizcaino*, the court upheld a multiplier of 3.65, holding that a multiplier in the range of 1-4 is properly considered. *Id.*

Here, Class Counsel's lodestar calculation is supported by detailed time records and exceeds the amount of fees requested herein. (Declaration of André E. Jardini ¶¶ 5-7.) The patently reasonable value of the fees requested, coupled with the absence of objectors, weighs heavily in favor of awarding the full amount of fees requested. Class Counsel recognizes that the Court will likely award Mr. Brill, counsel for previous objectors, attorneys' fees from the total $500,000 requested by Class Counsel. Class Counsel notes that they have devoted significantly more time and resources to advancing the interests of the Class, and have encountered significantly more success, including achieving an excellent settlement. Such effort and success should fairly be considered in determining the appropriate distribution of attorneys' fees.

////
////
////
////
////
////
////
////
////
////

**KNAPP, PETERSEN & CLARKE**

1349013.1  08000/00918

## III.

## CONCLUSION

Class Counsel respectfully requests that this Court enter an order awarding attorneys' fees amounting to 25% of the settlement fund, or $500,000.00 to Class Counsel.

Dated:  October 3, 2011         KNAPP, PETERSEN & CLARKE

By: /s/ André E. Jardini
    André E. Jardini
    Attorneys for Plaintiff BALTAZAR
    A. RAFALES, individually and on
    behalf of all other similarly situated
    seafarers and as private attorney
    general

KNAPP,
PETERSEN
& CLARKE

-6-

1349013.1  08000/00918