1

2

3

4

5

6

7

8

9

10

11

12

JS-6

IN THE UNITED STATES DISTRICT COURT

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13 BALTAZAR A. RAFALES, *individually* <br> 14 *and on behalf of all other Seafarers* <br> *similarly situated,* <br> 15 <br> Plaintiffs, <br> 16 <br> 17 vs. <br> 18 MS EURODAM, MS PRINSEDAM, *in* <br> *rem*, and HAL ANTILLEN, N.V., *in* <br> 19 *personam,* <br> 20 <br> Defendants. <br> 21 | Case No. CV 10-4845 AHM (AJWx) <br><br> **IN ADMIRALTY** <br><br> Complaint filed:  March 10, 2010 <br><br> Hon. A. Howard Matz <br><br> **SETTLEMENT ORDER AND** <br> **FINAL JUDGMENT** |

22        THIS MATTER came before the Court for final approval of the proposed

23    class settlement, as last amended on September 19, 2011 (the "Settlement").  The

24    Court has considered all papers filed and proceedings in this matter and is fully

25    informed regarding the facts surrounding the proposed Settlement.  Based upon this

26    information, the Court has determined to approve the proposed Settlement as fair,

27    reasonable, and adequate to the Class.  The Court hereby enters this Final Judgment,

28    which constitutes a final adjudication on the merits of all claims of the Settlement

Class described below with respect to their employment on Holland America Line vessels within the Class Period.

On May 27, 2011, this Court granted preliminary approval to the proposed class action Settlement between Class Plaintiffs and Defendants Holland America Line Inc. *et al.* ("HAL").  The Proposed Settlement resolves all of the Class's claims against HAL in exchange for HAL's promise to compensate Class members as set forth in the Settlement Agreement.  On September 1, 2011, this Court held a fairness hearing to consider whether to grant final approval to the Settlement and to consider Class Counsel's application for an award of attorneys' fees and costs.  The Court heard and considered argument from the parties and all others who elected to appear to voice their support for, or objection to, the Settlement.  The Court then took the motion for final approval of the Settlement under submission, pending a status report on further negotiations.  On September 19, 2011, the parties, along with the Balen Objectors, filed a Status Report Concerning Settlement Improvements [Dkt. 135], reporting on enhancements to the Settlement and a resolution of the Balen Objectors' objections to the Settlement.  The Court then re-set to October 31, 2011, the hearing on the motion for final approval of the Settlement, as amended.

Having read, reviewed and considered the papers filed in support of and in opposition to final approval of the Settlement, including the declarations submitted by counsel and the Class Representative, and oral arguments of counsel, along with Class Counsel's Fee and Cost Application, the Settlement Agreement, and the pleadings, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1.      The definitions and provisions of the Settlement Agreement and the Notice of Pendency of Class Action and Proposed Settlement are hereby incorporated as though fully set forth herein.

2.      This Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all parties to the Settlement Agreement, including all members of the Settlement Class.

3.      The Court approves the Settlement and finds that, as amended, the Settlement is, in all respects, fair, reasonable, and adequate to the Plaintiff Settlement Class, within the authority of the parties, and the result of extensive arm's length negotiations.

4.      This Court confirms that the proposed Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23, as found in the Court's Preliminary Approval Order.  Accordingly, this Court makes final its May 27, 2011, Order Conditionally Certifying Settlement Class.

5.      Two (2) members of the Class have timely requested to be excluded from the Class and the Settlement.  Exhibit A, attached hereto, lists the Class members who timely requested exclusion from the Class.  This Order shall not bind or affect Class members listed on Exhibit A.

6.      The Court hereby grants final approval to the Settlement and finds that, as amended, it is fair, reasonable and adequate, and in the best interests of the Class as a whole.  The Court has considered and hereby overrules all objections brought to the Court's attention, whether properly filed or not.

7.      Neither this Final Judgment nor the Settlement Agreement is an admission or concession by HAL of the validity of any claims or of any liability or wrongdoing or of any violation of law.  This Final Judgment and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by HAL or any other person in connection with any transaction, event or occurrence, and neither this Final Judgment nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than

**SETTLEMENT ORDER AND FINAL JUDGMENT**
CV 10-4845 AHM (AJWx)
DWT 18464701v1 0020397-000110

such proceedings as may be necessary to consummate or enforce this Final Judgment, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Settlement Agreement.

8.      This Court hereby dismisses with prejudice all claims of members of the Settlement Class that have been, or could have been, alleged in the Actions relating in any way to (a) payment of wages, including gratuities or service charges, prior to the date of the Parties' agreement, or (b) the reimbursement of deployment costs or other employment-related expenses prior to the date of the Parties' agreement.

9.      Class Representative Rafales, and members of the Settlement Class who have not timely excluded themselves, shall be deemed to (a) be forever barred from instituting, maintaining, or prosecuting any claim alleged, or that could have been alleged, in the Actions concerning payment of wages, including gratuities or service charges, or the reimbursement of deployment costs or other employment-related expenses, prior to the date of the Parties' agreement, and (b) have released and discharged HAL and its respective affiliates, direct and indirect subsidiaries, and any company or companies under common control with any of them, and each of their respective predecessors, successors, past and present officers, directors, employees, agents, servants, accountants, attorneys, advisors, shareholders, insurers, representatives, partners, vendors, issuers, and assigns, or anyone acting on their behalf, from any and all liability with respect to the Released Claims defined in Paragraph 1.11 of the Settlement Agreement.

10.     HAL and its manning agent in the Philippines, United Philippines Lines, Inc. ("UPL"), completed the delivery of Class Notice according to the terms of the Settlement Agreement.  The notice given by HAL and UPL to the Settlement Class, which set forth the principal terms of the Settlement Agreement and other matters, was the best practicable notice under the circumstances.  The notice

**SETTLEMENT ORDER AND FINAL JUDGMENT**
CV 10-4845 AHM (AJWx)
DWT 18464701v1 0020397-000110

program prescribed by the Settlement Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice, and the Notice satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.  The notice given to members of the Class was reasonably calculated under the circumstances to apprise Class members of the pendency of this action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the final fairness hearing.  The Court has afforded a full opportunity to all Class members to be heard.  Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Judgment and Final Order.

11.     Without affecting the finality of this judgment, the Court retains continuing jurisdiction over (a) implementation of the Settlement Agreement, distribution of the settlement payments, incentive fees and attorneys' fees and costs contemplated by the Settlement Agreement, and processing of the claims permitted by the Settlement Agreement, until each and every act agreed to be performed pursuant to the Settlement Agreement has been performed, and (b) all parties to this action and members of the Plaintiff Settlement Class for the purpose of enforcing and administering the Settlement Agreement.

12.     The Court hereby awards a total of $6,000.00 to Baltazar Rafales, and $3,000 each to Nathaniel De la Pena, Romeo Balen, and Chandler Abenoja as an incentive fee in compensation for the time, effort, and risk they undertook as representatives of the Settlement Class.

13.     An attorney fee and cost award from the Settlement Amount compensates Class Counsel for the time and expenses advanced over the past three years, which involved extensive motion practice, as well as the continued case administration.  The Court has concluded that:  (a) Class Counsel achieved a

favorable result for the Class, in the form of a Settlement Amount that will provide compensation to all Class members who filed claims; (b) Class Counsel devoted substantial effort over three years to pre-and post-filing investigation, legal analysis, and extensive litigation; (c) Class Counsel prosecuted the Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable Settlement for the Class, in spite of HAL's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have a standard contingent fee agreement with the Class Representatives, who have reviewed the Settlement Agreement and been informed of Class Counsel's attorney fee and cost application and have approved.  Similarly, the Notice of Class Action Settlement informed Class members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, and no Class member objected.  Therefore, the Court hereby approves Class Counsel's Fee and Cost Application and awards to Class Counsel fees and costs of $425,000.00.

14.     In addition, the Court finds the efforts of counsel for the Balen Objectors benefited the Class, in that certain improvements to the Settlement set forth in the Amendment to Amended Settlement Agreement and Release of Claims, dated September 19, 2011, *see* Dkt. 135, Ex. A, appear to have resulted at least in part from arguments made by counsel for the Balen Objectors at the hearing on September 1, 2011.  In light of that benefit, and having reviewed the application for fees filed by counsel for the Balen Objectors, the Court hereby awards to counsel for the Balen Objectors fees and costs of $75,000.00.

15.     HAL shall pay the fee and cost awards to Class Counsel and counsel for the Balen Objectors, and shall pay the Class Representative incentive fees, as well as amounts due to Class members, including Travel Payment Eligible Plaintiffs

**SETTLEMENT ORDER AND FINAL JUDGMENT**
CV 10-4845 AHM (AJWx)
DWT 18464701v1 0020397-000110

1 | who submit timely and complete Claim Forms, in accordance with and at the times

2 | prescribed by the Settlement Agreement.

3 |      SO ORDERED:

4 |

5 | Date: October 31, 2011

6 |

7 |           _____

8 |           The Hon. A. Howard Matz

9 |

10 | JS-6

SETTLEMENT ORDER AND FINAL JUDGMENT
CV 10-4845 AHM (AJWx)
DWT 18464701v1 0020397-000110

<u>Exhibit A</u>

The following individuals have timely requested exclusion from the Class and are not bound by this Order:

1.    Darwin Consuelo

2.    Oscar Alexis Encarnacion, Jr.

**SETTLEMENT ORDER AND FINAL JUDGMENT**
CV 10-4845 AHM (AJWx)
DWT 18464701v1 0020397-000110